**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERNEST ADAMS** | * | **CIVIL ACTION NO. 25-cv-1406** |
| | * | |
| **VERSUS** | * | **SECTION "L" (1)** |
| | * | |
| **HUNTINGTON INGALLS** | * | **JUDGE ELDON FALLON** |
| **INCORPORATED, ET AL** | * | |
| | * | **MAG. JUDGE JANIS van MEERVELD** |
| | * | |

**HUNTINGTON INGALLS INCORPORATED'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION**
**FOR DAMAGES AND FIRST SUPPLEMENTAL AND AMENDING PETITION FOR**
**DAMAGES, CROSSCLAIMS, THIRD-PARTY COMPLAINT, AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Huntington

Ingalls Incorporated (f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc)

("Avondale"), who hereby answers Plaintiff's original Petition for Damages ("Petition") and First

Supplemental and Amending Petition For Damages ("First Supplement") as follows:

**ANSWER TO THE ORIGINAL PETITION FOR DAMAGES**

I.

The allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient

information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Petition are denied to the extent that they

are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient

information to justify a belief therein.

III.

The allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient

information to justify a belief therein.

#6059000

IV.

The allegations contained in Paragraph 4 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

#6059000

IX.

The allegations contained in Paragraph 9 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein. Further, to the extent that Plaintiff is attempting to disclaim rights of causes of action in an effort to deprive any Defendant of its right of access to a federal forum, Avondale asserts that any disclaimers made by Plaintiff is without legal effect.

XII

The allegations contained in Paragraph 12 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Petition, including all subparts, are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

3

#6059000

## XV.

The allegations contained in Paragraph 15 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XVI.

The allegations contained in Paragraph 16 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations contained in Paragraph 17 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations contained in Paragraph 18 of the Petition, including all subparts, are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

## XIX.

The allegations contained in Paragraph 19 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

#6059000

XX.

The allegations contained in Paragraph 20 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Petition are denied to the extent that they are directed against Avondale. Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

XXII.

The allegations contained in Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXIII.

The allegations contained in Paragraph 23 of the Petition, including all subparts, are denied for a lack of sufficient information to justify a belief therein.

XXIV.

The allegations contained in Paragraphs 24 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXV.

The allegations contained in Paragraph 25 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXVI.

The allegations contained in Paragraph 26 of the Petition are denied for lack of sufficient information to justify a belief therein.

5

#6059000

XXVII.

The allegations contained in the paragraph beginning with the words "WHEREFORE, based on the foregoing," including all sub-parts, are denied. It being specifically denied that the Plaintiff is entitled to the relief requested or to any relief whatsoever.

### ANSWER TO THE FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

1.

The allegations contained in Paragraph II[1] of the First Supplement, amending Paragraph 2 of the original Petition for Damages, are admitted insofar as Avondale is a foreign corporation licensed to do business in Louisiana.  The allegations are denied to the extent that they are directed against Avondale.  Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations contained in Paragraph III of the First Supplement are a reiteration of all matters contained in the original Petition for Damages.  Avondale reiterates and re-avers each and every answer and affirmative defense to the individually numbered paragraphs as previously set forth as if copied herein *in extenso*.

3.

The allegations contained in Paragraph IV of the First Supplement, amending Paragraph 7 of the original Petition for Damages, are denied to the extent that they are directed against Avondale.  Otherwise, the allegations are denied for lack of sufficient information to justify a belief therein.

---

[1] The First Supplemental and Amending Petition for Damages does not have a Paragraph I.

6

4.

The allegations contained in Paragraph V of the First Supplement do not require a response. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief therein.

## AFFIRMATIVE DEFENSES

AND NOW, FURTHER ANSWERING, defendant, Avondale, asserts the following Affirmative Defenses herein:

## FIRST DEFENSE

FURTHER ANSWERING, defendant herein affirmatively denies any and all allegations of fault or other bases of liability on the part of Avondale. Defendant herein specifically denies that it is guilty of wrongdoing with respect to the supervision of Ernest Adams during his alleged employment at Avondale or with regard to the safety precautions taken on his behalf during that employment.

## SECOND DEFENSE

FURTHER ANSWERING, in the alternative, Avondale avers that plaintiff is barred from prosecuting this action because of Ernest Adams' knowledge and assumption of the risks and dangers associated with his employment at Avondale.

## THIRD DEFENSE

FURTHER ANSWERING, in the alternative, Avondale herein avers that the alleged injuries complained of herein, if any, were caused by the sole and/or concurrent negligence of Ernest Adams in failing to properly care for his own personal protection and safety and/or utilize safety equipment, thus barring any recovery herein.

#6059000

## FOURTH DEFENSE

FURTHER ANSWERING, in the alternative, if the alleged injuries complained of by plaintiff herein, if any, are found to have been caused by the acts, omissions, commissions, or conditions of Avondale, then the alleged negligence of Ernest Adams was a contributing cause of those alleged injuries, thus either barring or diminishing plaintiff's entitlement to recovery.

## FIFTH DEFENSE

FURTHER ANSWERING, in the alternative, and in the event that Avondale is found liable, which liability is specifically denied, defendant avers that it is entitled to a set off of all amounts recovered under the Longshore and Harbor Workers' Compensation Act or, alternatively, the Louisiana Workers' Compensation Act, if any, against any judgment which may be rendered arising out of this litigation.

## SIXTH DEFENSE

FURTHER ANSWERING, in the alternative, Avondale pleads that plaintiff has failed to state a cause of action, as plaintiff's sole remedy for the alleged injuries complained of herein, if any, is provided for exclusively in the Longshore and Harbor Workers' Compensation Act or, alternatively, the Louisiana Workers' Compensation Act, which bars all allegations herein.

## SEVENTH DEFENSE

FURTHER ANSWERING, Avondale avers that the alleged injuries complained of by plaintiff herein, if any, were caused by the acts, omissions, commissions, or conditions which were the responsibility of persons other than Avondale and for whom Avondale has no legal responsibility.

8

#6059000

## EIGHTH DEFENSE

FURTHER ANSWERING, plaintiff's injuries and/or damages, if any, were the result of an act of God or unavoidable accident.

## NINTH DEFENSE

FURTHER ANSWERING, the causes of action stated by plaintiff have prescribed or been extinguished in some other manner.

## TENTH DEFENSE

FURTHER ANSWERING, the cause of action is barred by the doctrine of accord and satisfaction.

## ELEVENTH DEFENSE

FURTHER ANSWERING, the cause of action is barred by the doctrine of *Res Judicata*.

## TWELFTH DEFENSE

FURTHER ANSWERING, defendant herein affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any manufacturers, distributors, suppliers, and/or vendors of asbestos-containing products to which plaintiff claims Ernest Adams was exposed, then that settlement and/or release extinguishes Avondale's secondary or derivative strict liability to plaintiff.

## THIRTEENTH DEFENSE

FURTHER ANSWERING, Defendant herein affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any solidary obligors without reserving his rights to proceed against the remaining solidary obligors, then the debt to plaintiff is discharged as to any remaining solidary obligors pursuant to La. Civil Code Art. 2203 in effect at the time of the alleged acts and omissions which form the basis of this lawsuit.

9

#6059000

## FOURTEENTH DEFENSE

FURTHER ANSWERING, Defendant affirmatively pleads that in the event plaintiff settles with and/or otherwise releases any persons or entities, whether named as defendants or not, then defendant is entitled to a credit for the virile share of those settling/released persons or entities.

## FIFTEENTH DEFENSE

FURTHER ANSWERING, plaintiff's claims are barred by the government contractor immunity defense established in *Boyle v. United Technologies Corporation*.

## SIXTEENTH DEFENSE

FURTHER ANSWERING, plaintiff's claims against Avondale are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny.

## SEVENTEENTH DEFENSE

FURTHER ANSWERING, Avondale herein affirmatively pleads that should an agreement or contract govern any claims by or against Avondale, then Avondale reserves its right to enforce any and all arbitration clauses or provisions and specifically does not waive the enforcement of any such clauses or provisions.

## EIGHTEENTH DEFENSE

FURTHER ANSWERING, Avondale herein affirmatively pleads that should an agreement or contract govern any claims by or against Avondale, then Avondale reserves its right to enforce any and all clauses or provisions and specifically does not waive the enforcement of any such clauses or provisions.

#6059000

## CROSSCLAIMS AND THIRD-PARTY COMPLAINT

1.

Plaintiff filed a Petition for Damages and First Supplemental and Amending Petition for Damages, seeking damages for injuries sustained by Ernest Adams as a result of his alleged asbestos exposure.

2.

Avondale has been named as a defendant by the plaintiff in this case.

3.

Avondale denies any and all liability in this case.

4.

Alternatively, while denying any and all liability, Avondale is entitled to virile share contributions from and/or application of comparative fault of the Crossclaim and Third-Party Defendants for any and all amounts for which it may be cast in judgment and virile share credits or set-offs with respect to all Crossclaim and Third-Party Defendants who may settle plaintiff's claims.

5.

Named as **Crossclaim Defendants** are the following:

A. **Advance Auto Parts, Inc.**, individually and as successor in interest to Carquest Auto Parts;

B. **Autozone, Inc.;**

C. **Carlisle Companies Incorporated;**

D. **Carrier Corporation;**

E. **The Coleman Company, Inc.;**

F. **Cummins, Inc.;**

11

#6059000

G. **Daikin Comfort Technologies Manufacturing, L.P.,** f/k/a Goodman Manufacturing Company L.P.;

H. **Dap, Inc.,** n/k/a La Mirada Products Co.;

I. **Eaton Corporation,** as successor in interest to Cutler Hammer, Inc.;

J. **Electrolux Home Products, Inc.;**

K. **Emerson Electric Co.;**

L. **FMC Corporation,** f/k/a Peerless Pump and Northern Pump Company and Sterling Fluid and as successor in interest to Chicago Pump Division;

M. **Ford Motor Company;**

N. **Foster Wheeler, LLC**;

O. **General Electric Company;**

P. **Genuine Parts Company;**

Q. **Goulds Pumps, LLC;**

R. **Grinnell, LLC;**

S. **Honeywell, Inc.;**

T. **Honeywell International, Inc.,** as successor in interest to Allied Chemical Corporation;

U. **International Paper Company,** individually and as successor in interest to St. Regis Paper Company and Champion International Corporation;

V. **ITT LLC,** f/k/a ITT Industries, Inc. and Bell & Gossett Company;

W. **Navistar, Inc.**, f/k/a International Truck and Engine Corporation, f/k/a Navistar International Transportation Corp., f/k/a Navistar International Corporation, f/k/a International Harvester Company, f/k/a International Harvester Corporation;

X. **Otis Elevator Company;**

Y. **Paccar Inc.,** individually and as the parent company to Kenworth Ruck Company and Peterbilt;

12

#6059000

Z. **Paramount Global,** f/k/a ViacomCBS, Inc., f/k/a CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation;

AA.    **Redco Corporation,** f/k/a Crane Co.;

BB.    **Rheem Manufacturing Company;**

CC.    **Schneider Electric USA, Inc.,** f/k/a Square D Company;

DD.    **Schindler Elevator Company;**

EE. **Siemens Industry, Inc.,** as successor in interest to Siemens Energy & Automation, Inc., and as successor in interest to Furnas Electric Company;

FF. **York International Corporation;**

GG.    **Jack Donahue Contractors, Inc.;**

HH.    **Lionel J. Favret Construction;**

II. **Metropolitan Life Insurance Company;**

JJ. **Pharmacia, LLC,** f/k/a Pharmacia Corporation, f/k/a Monsanto Company;

KK.    **Union Carbide Corporation;** and

LL. **Taylor-Seidenbach, Inc.**

6.

Avondale adopts herein by reference as though set forth *in extenso* all of the plaintiff's allegations against the Crossclaim Defendants as asserted in plaintiff's Petition for Damages and First Supplemental and Amending Petition for Damages, insofar as they assert fault, negligence, strict liability, and other bases of liability against the Crossclaim Defendants.  Avondale further alleges that plaintiff's allegations against the Crossclaim Defendants are equally applicable to the fault, negligence, strict liability, and other bases for liability against the Third-Party Defendants and adopts those allegations and asserts them against the Third-Party Defendants as though set forth herein *in extenso* and specifically against the Third-Party Defendants. This defendant

13

#6059000

affirmatively disavows any allegations against the Crossclaim and Third-Party Defendants based on intentional tort.

7.

Made **Third-Party Defendants** herein are:

A. **Bayer Cropscience, Inc.** (successor to Rhone Poulenc AG Company, f/k/a Bayer Products, Inc., f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company);

B. **The Manville Personal Injury Settlement Trust**, as successor-in-interest to the Johns-Manville Corporation, a trust organized and existing under the laws of the State of New York, and administered through the Claims Resolution Management Corporation, a subsidiary of the Manville Personal Injury Settlement Trust, a company organized and existing under the laws of the Commonwealth of Virginia; and

C. **Uniroyal Holding, Inc.**

8.

Plaintiff alleges that Ernest Adams contracted mesothelioma from exposure to asbestos from several different sources.

9.

Crossclaim Defendants and Third-Party Defendants are allegedly all miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products, or were insurers of miners, manufacturers, sellers, distributors, suppliers, installers and/or users of asbestos products, and were engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or representing themselves as manufacturers of asbestos products and/or were commercial suppliers and/or professional vendors of asbestos or asbestos-containing products, which were expected to and did reach the workplaces of Ernest Adams, which caused him to be allegedly exposed to the products.

14

#6059000

10.

The products mined, manufactured, distributed, supplied, sold, and/or used by the Crossclaim and Third-Party Defendants were defective, unreasonably dangerous, and unreasonably dangerous *per se*. Ernest Adams was an intended and/or foreseeable user exposed to these products. These defects include, without limitation, the following:

a. the mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous or unreasonably dangerous *per se*;

b. the mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting potential for causing serious injury and death to those who would be exposed to them;

c. lack of warning or of sufficient warning of the hazards these products would present in the course of their normal, foreseeable use or intended use;

d. lack of safety instruction or of sufficient safety instruction for eliminating or reducing the health risks associated with the intended ultimate use of these products;

e. failure to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

f. failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

g. failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of exposure to these products by intended or foreseeable users, bystanders and others;

h. failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i. defects in the composition and construction of these products;

j. failure to recall these products mined, manufactured, sold, supplied and distributed;

k. failure to properly package these products so that they could be safely transported, handled, stored, or disposed; and

l.      over-warranting the safety of these products that were manufactured, sold or supplied by the Crossclaim and Third-Party Defendants.

11.

The negligence, fault, and defective products of Crossclaim and Third-Party Defendants are the proximate cause of Ernest Adams' alleged harm, if any.

12.

Crossclaim and Third-Party Defendants are liable for negligence, fault, strict liability, professional vendor liability, and strict products liability in connection with the manufacturing, distributing, design and/or installation of asbestos-containing products which were defective in design and unreasonably dangerous *per* se, and for failure to warn Ernest Adams concerning asbestos hazards posed by their products.

13.

Bayer Cropscience, Inc. ("Amchem") was a manufacturer, seller, distributor, supplier and/or user of asbestos products, including asbestos-containing mastics and adhesives, and was engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, or was a professional vendor of asbestos-containing products.

14.

Amchem was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Ernest Adams and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and to warn Ernest Adams and/or Avondale of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Ernest Adams to be exposed to unsafe levels of asbestos, which

16

#6059000

exposures caused or contributed to plaintiff's alleged injuries, including Ernest Adams' alleged mesothelioma, if any.

15.

As a manufacturer of asbestos products, Amchem knew or should have known that exposing Ernest Adams, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Amchem did not provide proper instructions and/or warnings to Avondale and others for which Amchem is liable pursuant to Louisiana Civil Code article 2315.

16.

Products, materials, component parts and/or equipment manufactured by Amchem were used at Avondale. If Ernest Adams was exposed to some level of dust from products used at Avondale, which is denied, Amchem is liable for negligence, fault, professional vendor liability, strict liability, and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per se,* and for failure to warn purchasers, users, and others such as Ernest Adams and/or Avondale. Amchem is therefore liable for Ernest Adams' alleged injuries, if any.

17.

Johns-Manville manufactured asbestos-containing pipe insulation, asbestos-containing mud, asbestos-containing insulation block, asbestos-containing cloth and other asbestos insulation materials to which Ernest Adams allegedly was exposed. Johns-Manville is liable for negligence, fault, strict products liability and strict liability in connection with the manufacturing, distributing and design of asbestos-containing products which were defective in design, unreasonably dangerous *per* se*, and for failure to warn Ernest Adams concerning asbestos hazards posed by its

17

products.

18.

Johns-Manville manufactured asbestos-containing Marinite board, as well as asbestos containing pipe insulation, asbestos-containing mud, asbestos-containing insulation block, asbestos-containing cloth, and other asbestos insulation materials used at Avondale. If Ernest Adams was exposed to some level of dust from products used at Avondale, which is denied, Johns-Manville is liable for negligence, fault, and strict liability and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per se*, and for failure to warn purchasers, users, and others such as Avondale and Ernest Adams.

19.

Johns-Manville was aware or should have been aware of the dangers presented by exposure to its asbestos products and manufacturing premises and that Ernest Adams could be injured as result of this exposure but negligently failed to institute protective measures and to warn Ernest Adams of the potential dangers to his health from exposure to asbestos and was negligent in allowing Ernest Adams to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Ernest Adams' alleged injuries, including his alleged mesothelioma.

20.

As a manufacturer of asbestos products, Johns-Manville knew or should have known that exposing Ernest Adams, and those similarly situated, to asbestos would cause injury, and despite that knowledge, Johns-Manville did not provide proper instructions and/or warnings, for which Johns-Manville is liable pursuant to Louisiana Civil Code article 2315.

18

#6059000

21.

The Manville Personal Injury Settlement Trust has succeeded to the liabilities of Johns-Manville Corporation, and is the entity subject to claims for contribution or for establishing credits or offsets with respect to the asbestos-related liabilities of Johns-Manville asserted herein. Insofar as Louisiana virile share liability law applies to the claims in this case, then Johns-Manville, by and through its respective trust, is brought into this action for the purpose of having its fault allocated in accordance with same. This third-party claim is being asserted against the Trust in accordance with the Trust Distribution Process ("TDP") for the sole purpose of listing the Trust on a verdict form or otherwise as necessary to ensure that any verdict reduction in respect of the Manville (or Trust) liability share is made pursuant to applicable law. Avondale disclaims any claim for relief beyond that which is provided in the TDP. Further, out of an abundance of caution and insofar as it may be required, Avondale waives any requirement of that the Manville Personal Injury Settlement Trust appear, answer, be subject to discovery as a party, or be subject to default or other trial court process or procedure; and Avondale stipulates that it will not move for a continuance of trial on grounds that the Manville Personal Injury Settlement Trust was not required to appear and answer.

22.

As distributors, suppliers, manufacturers, sellers, and/or users of asbestos-containing products or materials, Johns-Manville and any other crossclaim or third-party defendants were aware or should have been aware of the dangers presented by exposure to its asbestos products and that Ernest Adams and those similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and to warn Avondale, Ernest Adams, and those similarly situated of the health hazards posed by exposure to asbestos and were

19

#6059000

negligent in allowing Ernest Adams to be exposed to unsafe levels of asbestos, which exposures caused or contributed to his alleged injuries, if any.

23.

Uniroyal Holding, Inc. ("Uniroyal") was a manufacturer, seller, distributor, supplier and/or user of asbestos products, including asbestos-containing cloth, tape, yarn, and adhesives, and was engaged in or materially participated in the business of manufacturing or facilitating the manufacturing of asbestos products, and/or was a commercial supplier and/or professional vendor of asbestos-containing products.

24.

Uniroyal was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Ernest Adams and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and/or warn Ernest Adams and/or Avondale of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Ernest Adams to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Ernest Adams' alleged injuries, including his alleged mesothelioma, if any.

25.

As a manufacturer of asbestos products, Uniroyal knew or should have known that exposing Ernest Adams, and those similarly situated, to asbestos would cause injury and, despite that knowledge, Uniroyal did not provide proper instructions and/or warnings to Avondale and others for which Uniroyal is liable pursuant to Louisiana Civil Code article 2315.

20

#6059000

26.

At all times relevant hereto, asbestos-containing products and materials manufactured by Uniroyal were used at Avondale. If Ernest Adams was exposed to some level of asbestos-containing dust from products used at Avondale, which is denied, Uniroyal Holding, Inc. is liable for negligence, fault, professional vendor liability, and strict liability and strict products liability in connection with the manufacturing, distributing and design of asbestos-containing products used at Avondale which were defective in design, unreasonably dangerous, unreasonably dangerous *per se*, and for failure to warn purchasers, users, and others such as Ernest Adams and/or Avondale. Uniroyal Holding, Inc. is therefore liable for Ernest Adams' alleged injuries, if any.

27.

Plaintiff named as a direct defendant International Paper Company, individually and as successor-in-interest to St. Regis Paper Company and Champion International Corporation. Avondale adds additional allegations against International Paper Company as successor in interest to United States Plywood Corporation ("U.S. Plywood").

28 .

International Paper Company is successor to U.S. Plywood, the developer and sole distributor of Micarta, a marine veneer component of wallboard used, sold and/or supplied by Hopeman Brothers, Inc. at Avondale. Said product was defective, unreasonably dangerous and unreasonably dangerous *per se*. If Ernest Adams was exposed to some level of dust from asbestos-containing products used by Hopeman Brothers during his employment at Avondale, which is denied, International Paper Company is liable for negligence, fault, professional vendor liability, and strict products liability and strict liability in connection with the design, distribution, and supply of asbestos-containing products which were defective in design, unreasonably dangerous,

21

unreasonably dangerous *per se*, and for failure to warn purchasers, users, bystanders, and others, such as this defendant and Ernest Adams, concerning asbestos hazards posed by its products. U.S. Plywood is therefore liable for plaintiff's alleged injuries, if any.

29.

U.S. Plywood was aware or should have been aware of the dangers presented by exposure to its asbestos products and that Ernest Adams and others similarly situated could be injured as a result of this type of exposure, but negligently failed to institute protective measures and/or warn Ernest Adams and/or Avondale of the potential health hazards from exposure to asbestos and was negligent in allegedly allowing Ernest Adams to be exposed to unsafe levels of asbestos, which exposures caused or contributed to Ernest Adams' alleged injuries, including his alleged mesothelioma, if any.

30.

As a seller, distributor, supplier, and/or user of asbestos products, U.S. Plywood knew or should have known that exposing Ernest Adams, and those similarly situated, to asbestos would cause injury and, despite that knowledge, U.S. Plywood did not provide proper instructions and/or warnings to Avondale and others for which U.S. Plywood is liable pursuant to Louisiana Civil Code article 2315.

## JURY DEMAND

Avondale prays for a trial by jury on all issues.

**WHEREFORE**, Defendant, Defendant, Huntington Ingalls Incorporated (f/k/a Northrup Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc) ("Avondale"), prays that its Answer and Affirmative Defenses to Plaintiff's Original Petition for Damages and First Supplemental and Amending Petition for Damages, Crossclaims, Third-Party Complaint, and Jury Demand be filed,

22

#6059000

and that after all due proceedings are had that there be judgment in favor of Avondale and against plaintiff, dismissing plaintiff's claims, with prejudice and at his cost; and, in the alternative, should Avondale be found liable to plaintiff, which is denied, Avondale prays that there be further judgment over and against the crossclaim and third-party defendants for virile share contributions from the crossclaim and third-party defendants for any and all amounts owed to plaintiff, and for virile share credits or offsets with respect to all entities with whom plaintiff has or may settle with, and for all other costs of these proceedings. Avondale further prays for all other equitable and legal relief as the nature of the case may permit and as the law may allow.

Respectfully submitted,

**BLUE WILLIAMS, LLC**

*/s/ Laura M. Gillen*

_____
BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (# 26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
KIMMIER L. PAUL (#35278)
MORGAN M SMITH (#40952)
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Phone: (504) 831-4091
Fax: (504) 837-1182
Email: Avondaleasbestos@bluewilliams.com
*Counsel for Huntington Ingalls Incorporated*

23

#6059000