**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERNEST ADAMS** | * | **CIVIL ACTION NO: 2:25-CV-1406** |
| | * | |
| **Versus** | * | **JUDGE:** |
| | * | **ELSON E. FALLON** |
| **TAYLOR-SEIDENBACH, INC. ET AL** | * | |
| | * | **MAG: JUDGE:** |
| | * | **JANIS VAN MEERVELD** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**ANSWER and DEFENSES to PLAINTIFF'S PETITION FOR DAMAGES and
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, Sterling Wander LLLP f/k/a Honeywell International Inc as successor-in-interest to Honeywell Inc. (named as "Honeywell Inc.") ("Defendant"), who provides this Answer and Defenses in response to Plaintiff's Petition for Damages ("Petition") and Plaintiff's First Supplemental and Amended Petition for Damages ("First Amended Petition"), as follows:

PRELIMINARY STATEMENT

Defendant adopts any and all applicable exceptions and/or Rule 12 motions, and supporting memoranda, pled by any and all co-defendants to the extent such exceptions and/or motions are consistent with Defendant's defense of this matter.

I.

Plaintiff has failed to state a cause of action against Defendant for which relief can be granted.

1

II.

Defendant would further respond to the Petition for Damages ("Petition") and First Case 2:25-cv-01406-EEF-JVM Document 10 Filed 07/16/25 Supplemental and Amended Petition for Damages ("First Amended Petition") by denying each and every allegation therein contained, except as such as may be hereinafter expressly admitted or qualified.

III.

Further, without waiving its exceptions asserted hereinabove and with complete reservation of rights thereto, Defendant answers the numbered paragraphs of the Petition, as follows:

ANSWER TO PETITION FOR DAMAGES

1.

Defendant lacks sufficient information with which to justify a belief as to the allegations contained in paragraph 1 of the Petition and therefore denies same.

2.

The allegations contained in paragraph 2 of the Petition are denied and Defendant demands strict proof thereof. Defendant specifically denies that it is liable to Plaintiff, jointly, severally, and/or *in solido* for Plaintiff's alleged damages.

3.

The allegations contained in paragraphs 3 through 4 of the Petition call for a legal conclusion. To the extent the paragraphs allege that Defendant is liable for the claims herein, such allegations are denied.

4.

The allegations contained in paragraphs 5 through 26 of the Petition are denied and Defendant demands strict proof thereof. Defendant specifically denies that it is liable to Plaintiff, jointly, severally, and/or *in solido* for Plaintiff's alleged damages.

5.

Defendant denies the prayer contained in the unnumbered paragraph of the Petition which starts "WHEREFORE…" and specifically denies each and every allegation set out therein. Defendant specifically denies that Petitioner is entitled to recover from Defendant for any damages whatsoever, in any amount whatsoever, whether jointly, severally and/or *in solido* and demands that the Petition be dismissed with prejudice, at the cost of petitioner.

AND NOW, answering the First Supplemental and Amended Petition, Defendant avers:

ANSWER TO PLAINTIFF'S FIRST AMENDED PETITION FOR DAMAGES

1.

The allegations contained in the misnumbered paragraphs II through IV of the First Amended Petition are denied and Defendant demands strict proof thereof. Defendant specifically denies that it is liable to Plaintiff, jointly, severally, and/or *in solido* for Plaintiff's alleged damages.

2.

The allegations contained in paragraph V of the First Amended Petition regarding parties that have been dismissed do not require a response from Defendant.

3.

Defendant denies the prayer contained in paragraph of the First Amended Petition which starts "WHEREFORE…" and specifically denies each and every allegation set out therein. Defendant specifically denies that Petitioners are entitled to recover from Defendant for any damages whatsoever, in any amount whatsoever, whether jointly, severally and/or *in solido* and demands that the Petition be dismissed with prejudice, at the cost of petitioner.

AFFIRMATIVE DEFENSES

And now, further answering the Petition for Damages, Defendant asserts the following affirmative defenses:

A.

The Petition fails to state a claim against Defendant upon which relief may be granted.

B.

Any claims as against Defendant are barred by the applicable statute of limitations and/or prescription and/or laches, estoppel or preemptions.

C.

The Petition for Damages has failed to join parties necessary for a just adjudication of the lawsuit.

D.

The cause of action is governed by the Louisiana Products Liability Act ("LPLA") as set forth in La. R.S. 9:2800.51, *et seq.* The LPLA establishes the exclusive theories of liability as against product manufacturers and applies to causes of action that accrue after the effective date

4

of the Act. Accordingly, any causes of action that pertain to a defective product purportedly brought under any other law or authority must be dismissed. No recovery can be had from a product manufacturer for damages on any theory of liability otherwise as set forth in the LPLA.0

E.

Defendant denies that Plaintiff worked with or around any product manufactured or supplied by Defendant.

F.

Defendant maintains that it was never a miner of asbestos and further maintains that Plaintiff was never exposed to any asbestos containing products allegedly supplied, manufactured, installed, sold, and/or distributed by Defendant.

G.

Any asbestos containing product allegedly supplied, manufactured, installed, sold and/or distributed by Defendant was neither defective in any way nor unreasonable dangerous in normal use.

H.

Defendant maintains that at the time the product, if any, left its control, the existence of any design characteristic that allegedly caused Plaintiff's injuries was not known, nor was it of knowable, from any then existing and available scientific and technological knowledge.

I.

At the time the product, if any, left Defendant's control, there was no known alternative or feasibly alternative, design for the product.

J.

Plaintiff has failed to mitigate his damages, if any.

K.

The damages or injuries at issue in this lawsuit were not the result of any acts and/.or omission of Defendant; rather, Plaintiff's alleged losses and/or damages, if any, may be attributable to an act of nature, and Act of God, or were otherwise unavoidable.

L.

Plaintiff was not exposed to any product sold, manufactured or distributed by Defendant. However, if he was, which is denied, then any exposure was so minute as to be *de minimis* and insufficient in fact or law to have caused or contributed to either Plaintiff's alleged injuries, damages, losses, or illnesses.

M.

Defendant denies that Plaintiff was ever exposed to a product legally connected to it. However, if he encountered any product legally connected to Defendant, which is denied, that encounter was not a substantial contributing factor in causing his alleged injuries or damages. Further, if those encounters, if any, caused damages, the sole and proximate cause and/or contributory cause was the misuse, abuse, alteration, or use of said product in a manner other than as intended.  As such, Defendant cannot be held liable for any such abuse, misuse or alteration.

N.

Any asbestos containing product to which Plaintiff may have been exposed was supplied, mined, milled, processed, manufactured, installed, maintained, sold, and/or distributed by persons

or entities other than Defendant and therefore, Defendant cannot be held liable for the use of or exposure to any such product(s).

### O.

There was no causal connection between Plaintiff and any product(s) allegedly sole, supplied, manufactured or distributed by Defendant or any such connection was too remote, indefinite and/or speculative under applicable law, to any alleged injuries sustained by Plaintiff.

### P.

Defendant manufactured its products with the highest degree of skill and care and in conformity with the knowledge and skills available to the industry at all times in question and adhered to all appropriate and industry standards.

### Q.

Defendant specifically pleads the "state of the art" defense to each and every allegation of the Petition for Damages. Defendant denies any defects in its products and avers that, at all pertinent times, its products were reasonably fit and suited for the purpose for which they were manufactured and intended and were delivered with such devices as were consistent with the state of the existing medical and industrial art.

### R.

At all pertinent times to this action, the state of the medical and scientific knowledge, and the published literature and material which reflected the state of medical and scientific knowledge, was such that Defendant neither knew nor reasonably could have known that any allegedly asbestos containing product would present any foreseeable risk of harm, especially if the product was used in the manner intended.

S.

Any claim based on any theory of strict liability, or liability without fault, constitutes a deprivation of Defendant's property without due process of law in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana.

T.

There were no warranties, express or implied, between Defendant and Plaintiff and no privity of contract existed between them. If any such warranties existed, which is expressly denied, Plaintiff failed to give proper and prompt notice of any alleged breach of warranty.

U.

Defendants avers that Plaintiff did not inhale asbestos fibers or dust emitted by the normal use of said products, proximately causing the results and/or related abnormalities or alternatively, any other asbestos-related injury.

V.

Plaintiff's lung injury, if any, was caused by substances other than asbestos.

W.

In the absence of any alleged asbestos-related disease, Plaintiff has suffered no damages.

X.

In the absence of any alleged asbestos-related disease, Plaintiff's alleged damages are speculative.

Y.

If Plaintiff sustained any injury, loss and/or damages, which is expressly denied, such occurred as a result of pre-existing conditions, causes or injuries that are completely unrelated to

Defendant and/or Defendant's products and, consequently, Defendant cannot be liable for any such injuries, losses, or damages.

Z.

Defendants' alleged acts and/or omissions were not the proximate cause, substantial cause, or contributing cause of Plaintiffs' alleged injuries.

AA.

Defendant owed no duty of care to Plaintiff, or the extent Defendant owed a duty to Plaintiff, which is denied, Defendant did not breach such duty.

BB.

Plaintiff's injuries, if any, which are expressly denied, were caused by the negligence of third parties, and not the fault of Defendant or anyone for whom it may be responsible.

CC.

The damages complained of herein by Plaintiff was caused or contributed to by the fault of third parties for which Defendant is not responsible, and over which Defendant had no control. To the extent Plaintiff's damages, if any, were caused by the act or omissions of third parties, Plaintiff's damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of such third parties.

DD.

Plaintiff's alleged injuries and damages, if any, were caused by the intervening or superseding acts or omissions of others over whom Defendant had no control or right of control.

9

EE.

Defendant contends that the employers of Plaintiff were sophisticated purchasers and/or users of asbestos-containing products and, as such, knew or should have known of the properties and hazards related to asbestos-containing products; there was no duty on the part of Defendant to warn the employers of any alleged dangers and risks allegedly associated with said products. Alternatively, Defendant fulfilled any obligation it may have had to provide warnings to the employers.

FF.

Plaintiff's claims are barred, in whole or in part, by the learned intermediary and/or sophisticated user doctrines.

GG.

Defendant's products, if any are at issue in this matter, were not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics. The user or handler of Defendant's products, if any are at issue in this matter, already knew or reasonably should have been expected to know of the characteristics of any product that allegedly caused damage and the danger of any such characteristics.

HH.

Plaintiff's recovery, if any, should be set off, reduced, or credited by the virile shares (whether computed by head or by percent) of all parties and/or third parties whose fault contributed to Plaintiff's alleged injuries and damages.

II.

Plaintiff's settlement(s) with one or more other persons have extinguished, discharged, or released any debt that Defendant may have owed Plaintiff, so Plaintiff is precluded from recovering from Defendant.

JJ.

Defendant asserts that Plaintiff's submission of a proof of claim form to a bankrupt entity and/or trust for his alleged asbestos-related condition is an admission that he was exposed to asbestos from that particular bankrupt entity's and/or trust's asbestos-containing product(s) thereby establishing liability on behalf of the bankrupt entity or trust and causing each applicable bankrupt entity and/or trust to be a "head" under virile share principles or by proportion of fault.

KK.

To the extent Plaintiff's claims are governed by Louisiana's comparative negligence fault and damages apportionment regime, Caterpillar avers that the fault of Plaintiff, co-defendants. Third parties and/or immune entities (including, but not limited to employers and/or bankrupt entities) operates to reduce any recovery that Plaintiff may otherwise be entitled to from Defendant.

LL.

Defendant pleads the affirmative defense of satisfaction and release.

MM.      .

Defendant owes no duty or obligation to Plaintiff, directly or *in solido* with any other defendant or party or third party.

11

NN.

Defendant is not liable *in solido* with any other defendant, cross-claim defendant, or third party defendant to Plaintiff.

OO.

To the extent that Plaintiff's diseases were not caused by their exposure to asbestos in Orleans Parish, that he was not domiciled in Orleans Parish, or defendants do not have a registered office or principal place of business in Orleans Parish, Defendant asserts that Orleans Parish may be an improper venue.

PP.

Defendant reserves the right to set forth additional defenses after appropriate discovery has been conducted.

QQ.

Defendant further adopts all affirmative defenses, if any, not specifically set out in this answer asserted by any other defendant and/or Third-Party Defendant, in this case at any time during this litigation that is not in conflict with its position herein.

RR.

Defendant reserves the right to amend and/or add additional defenses, affirmative defenses, crossclaims, counterclaims, and/or third-party demands as will be indicated by further discovery.

WHEREFORE, Sterling Wander LLLP f/k/a Honeywell International Inc as successor-in-interest to Honeywell Inc. (named in the Petition and First Supplemental and Amended Petition as "Honeywell Inc.")  prays:

1. Any applicable Rule 12 Motions be heard by the Court and, if applicable as to Defendant granted:

2. That this Answer be filed into the record and be deemed good and sufficient and, after due proceedings be had, there be judgment rendered in favor of Defendant dismissing Plaintiff's claims against it with prejudice and at Plaintiff's cost and prejudice.

3. And for all other equitable and general relief this Honorable Court deems just and appropriate.

Respectfully submitted,

/S/ Glenn B. Adams

GLENN B. ADAMS (2316)
COREY D. MOLL (34245)
AUSTIN W. LANIER (40216)
Porteous, Hainkel & Johnson, L.L.P.
704 Carondelet Street
New Orleans, LA  70130
Telephone: (504) 581-3838
Emails:  gadams@phjlaw.com
        cmoll@phjlaw.com
        gangelico@phjlaw.com
*Attorneys for Sterling Wander LLLP f/k/a Honeywell International Inc as successor-in-interest to Honeywell Inc.*