UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERNEST ADAMS** | * | **CIVIL ACTION NO. 25-1406** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | * | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |
| * * * * * * * * | | |

## ORDER & REASONS

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, for a more definite statement pursuant to Rule 12(e) filed by Defendant Cummins Inc. R. Doc. 46. Plaintiff opposes the motion. R. Doc. 97. Defendant replied. R. Doc. 102. Considering the briefing, record, and applicable law, the Court now rules as follows.

### I.    BACKGROUND

This is an asbestos exposure case. Treating physicians diagnosed Plaintiff Ernest Adams ("Adams") with malignant mesothelioma on February 19, 2025. R. Doc. 1-1 at 16. Adams avers that this diagnosis is the ultimate result of his decades-long exposure to asbestos. *Id.* Not aboard any vessels, Adams worked as a tack welder in the early 1970s for about a year at the Avondale shipyard near Westwego, Louisiana. *Id.* at 8. Later in the 1970s, he worked for Clover Contractors as a finish carpenter and cabinet maker for approximately five years. *Id.* He did similar work in the 1970s at Donahue Favret Contractors in the New Orleans, Louisiana area. *Id.* Then from 1990-2022, Woodward Design + Build employed Adams as a carpenter in the New Orleans area. *Id.*

Adams submits that he visited many industrial and commercial sites while working as a carpenter, including but not limited to Monsanto in St. Charles Parish, Union Carbide in St. Charles Parish, the Newman School in Orleans Parish, and C&M Bayou Fuel in LaFitte, Louisiana. *Id.* His brother-in-law worked at C&M Bayou Fuel during the times Adams worked there. *Id.* Adams also

1

visited his father's workplace, but as a child and while his father served as a tugboat captain for Alamond Boat Company. *Id.* Plaintiff generally mentioned that he has resided on the West Bank for all his life but two or three years. *Id.* As a result of all the foregoing, Adams asserts that he was exposed to asbestos. He contends that he and his family members worked on asbestos-containing sites and/or with asbestos-containing "equipment, including boilers, pumps, valves, and turbines." *Id.* at 9. Moreover, he avers that he "worked in close proximity to other trades finishing sheetrock, installing HVAC and elevators, and around electricians performing electrical work." *Id.*

Adams brought claims against two groups of defendants—(1) the asbestos miners, manufacturers, sellers, suppliers, contractors, distributors, and their insurers, and (2) employers, executive officers, premises owners, and their insurers. *Id.* at 6–8. Against all defendants, he asserts a general negligence theory, and against suppliers, distributors, contractors, manufacturers, and their insurers, he brings strict liability and negligence claims. *Id.* at 17–21. He originally filed this matter in state court, and it was removed by Huntington Ingalls, Inc. to this Court pursuant to 28 U.S.C. § 1442(a)(1). R. Doc. 1.

## II.     PRESENT MOTION

Cummins Inc. ("Cummins") now files a Rule 12(b)(6) motion to dismiss or, alternatively, a Rule 12(e) motion for a more definite statement. R. Doc. 46. It argues that Adams failed to comply with Rule 8 by not providing a "short, plain statement of facts" demonstrating any facts or unlawful acts relative to Cummins, specifically. *Id.* Cummins presses that Plaintiffs pleadings— both his petition and his first supplemental and amending petition (together, the "Petition")— contains "no Cummins engine, no Cummins jobsite, and no task involving a Cummins product" and as a result, his "bare . . . allegations do not place Plaintiff in contact with any Cummins product." *Id.* at 3–4. In the alternative, Cummins asks this Court to grant its motion for a more

definite statement and order the Plaintiff to further develop his claims against it so that Cummins can "understand the nature of the claim and that the elements of the claim exists." *Id.* at 5.

Plaintiff opposes the motion, generally arguing that he pleaded sufficient facts to allow Cummins to understand "when, where, why, and how Mr. Adams was exposed to Defendant's asbestos-containing products." R. Doc. 97 at 1. His position is that he does not need to plead the specific Cummins product that he was exposed to, and that he has otherwise pleaded a viable claim by alleging facts as to the locations and time periods of his asbestos exposure and that this exposure proximately caused his mesothelioma. *Id.* at 5–6. As to Cummins's request for a more definite statement, Adams submits that Cummins failed to demonstrate how his Petition was "unintelligible[, and t]he absence of that argument alone is terminal to" the request. *Id.* at 2 (emphases omitted); *see also id.* at 7–8.

Cummins replied, largely reiterating its original arguments. R. Doc. 102. It explained that Cummins is in the category of "manufacturer" defendant and that there are no facts alleged which tie Cummins's products to Plaintiff's asbestos exposure. *Id.* Cummins submits that "Plaintiff asks this Court to infer that an engine—perhaps even a Cummins—was present; Rule 12 requires plausibility, not guesswork." *Id.* at 3.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible

on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

## IV. LAW & ANALYSIS

Defendant argues that Plaintiff has not pleaded a viable negligence or strict liability claim against it because the Petition contains no Cummins-specific facts. R. Doc. 46. Plaintiff asserts that his claims should survive Cummins's Rule 12(b)(6) motion because he pleaded enough facts to make plausible asbestos claims under Louisiana law. R. Doc. 97. For the following reasons, the Court finds that the Petition survives the motion to dismiss. As a result, the Court will not provide Cummins with its requested Rule 12(e) relief.

### A. Rule 12(b)(6) Analysis

The crux of Cummins's issues with Plaintiff's Petition boils down to its issue with Plaintiff grouping his allegations against all manufacturer defendants into a more generalized set of short, plain, non-defendant-specific statements which detail his asbestos exposure over the years. Plaintiff includes Cummins in a group with roughly thirty other "Asbestos Miners/Manufacturers/Sellers/Suppliers/Contractors/Distributors and Their Inurers [sic]." R. Doc. 1-1 at 6–7. From Cummins's perspective, this high-level pleading is not enough to show that Plaintiff was exposed to asbestos from a Cummins-related product or project. But looking to the elements of causation under Louisiana law, the Court finds that, at this stage, Plaintiff has

sufficiently alleged that the named manufacturer defendants manufactured products that could be found at the listed jobsites, and that his exposure to these products at these jobsites substantially contributed to his mesothelioma diagnosis.

Under Louisiana law, for a plaintiff to prevail on asbestos claims, he must ultimately "prove by a preponderance of the evidence that: (1) his exposure to the defendant's asbestos product was significant; and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma." *Romano v. Metro Life Ins. Co.*, 2016-0954 (La. App. 4 Cir. 5/24/17), 221 So. 3d 176, 182. Plaintiff pleaded that Cummins's defendant group manufactured asbestos-related products, that their products had defective conditions, and that the products were a proximate cause of Plaintiff's injuries. R. Doc. 1-1 at 20 (explaining that the members of Cummins's defendant group "were either all miners, manufacturers, sellers, users, distributors, contractors, and/or suppliers of asbestos products . . . and were engaged in the business of using, manufacturing, or facilitating the manufacture of asbestos products"); *id.* at 21 (alleging that "[t]he defective conditions of Defendants' products and fault . . . are a proximate cause of [Plaintiff's] injuries"). Moreover, he avers that he was actually exposed to their products "[d]uring the course and scope of his and his relatives' employment with these various companies, [because] Petitioner used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations." *Id.* at 9, 16. At these locations and during these jobs, "asbestos fibers escaped into the air, resulting in Petitioner breathing those fibers, subsequently causing his development of mesothelioma." *Id.*

At the motion to dismiss stage, the Court must take these allegations as true. *Iqbal*, 556 U.S. at 678. In doing so, the Court takes as true that Cummins—as one of many defendants encompassed by these allegations—manufactured an asbestos-containing product, its product was

the proximate cause of Plaintiff's injuries, Plaintiff was in the vicinity of Cummins's asbestos-containing products, and Plaintiff breathed in asbestos fibers.

These defendant-wide allegations are tethered to specific job and jobsite references. Plaintiff listed several jobsites and a rough timeframe during which he alleges he inhaled asbestos particles. *Id.* at 8–9 (detailing Adams's jobs as a tack welder at Avondale, finish carpenter and cabinet maker at Clover Contractors and Donahue Favret Contractors, and a carpenter at Woodward Design + Build, all in either the 1970s or from 1990-2022). He also provided industrial and commercial sites wherein he may have been exposed to these manufacturers' asbestos-containing products. *Id.* (listing Monsanto in St. Charles Parish, Union Carbide in St. Charles Parish, the Newman School in Orleans Parish, and C&M Bayou Fuel in LaFitte, Louisiana). At this stage of the proceeding, these facts are enough to survive a Rule 12(b)(6) motion because "when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in [the] complaint." *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga.*, 892 F.3d 719, a730 (5th Cir. 2018). Cummins is the party at present who can most readily explain which jobsites its engines may have appeared at, so Plaintiff's group-wide, more generalized pleading in this context is permissible.

Upon careful review of the Petition, the Court notes that few defendants receive the benefit of a detailed, product-or-premises-specific allegations. Plaintiff's Petition, as mentioned by Cummins, does reference some products that Plaintiff considers to be contributors to his asbestos exposure. For example, he asserted that he "and his family members . . . worked on or worked around other who were working on asbestos-containing equipment, *including* boilers, pumps, valves, and turbines." *Id.* at 8–9. That the Petition does not specifically reference a Cummins-manufactured product such as an engine does not inherently mean that Plaintiff failed to state a

6

claim against Cummins. The Court must view the facts pleaded in the Petition in a light most favorable to the Plaintiff, so the Court will infer that Plaintiff intended to imply other machines—such as Cummins's engines—in his personal definition of "asbestos-containing equipment."

A court in this district has faced similar arguments to those advanced by Cummins here. In *Murphy v. Alcatel-Lucent USA Inc.*, a district court denied an asbestos manufacturer defendant's motion to dismiss, in part because "it [was] not apparent to the Court that Plaintiffs necessarily would or should have known or had access to the entirety of the specific information" the manufacturer defendant alleged was lacking from the complaint. No. 15-5566, 2017 WL 636225, at *2 (E.D. La. Feb. 16, 2017). There, the manufacturer defendant argued that the plaintiff pleaded no facts identifying the relevant products, the dates or location of manufacture, the manner, method, or circumstances of plaintiff's product-related asbestos exposure, nor "specific facts to support the conclusion that [the manufacturer defendant] caused or contributed to [plaintiff's] alleged exposure to asbestos and/or asbestos-containing products." *Id.* Still, the court denied the manufacturer defendant's motion to dismiss because this information would not be available to the plaintiff at the pleading stage. *Id.*

Here, Cummins advances similar arguments, arguing that Plaintiff's "bare location allegations do not place Plaintiff in contact with any Cummins product" and that no Cummins-related engine, jobsite, or product-involved task was specifically listed. R. Doc. 46-1 at 3–4. Like the court in *Murphy*, this Court will not force Plaintiff to plead facts that would not be apparently available to Plaintiff at the pleading stage.

### B. Rule 12(e) Analysis

Rule 12(e) of the Federal Rules of Civil Procedure provides that a party may seek a more definite statement if a complaint "is so vague or ambiguous that the party cannot reasonably

7

prepare a response." Courts are cautioned to only grant these motions when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (quoting *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006)). In light of Rule 8's liberal pleading standards, 12(e) motions are disfavored because "'it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" *Babcock*, 235 F.R.D. at 633 (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

The Court does not find that the allegations in the Petition are so vague and ambiguous as to prejudice Cummins in answering it. 12(e) motions are inappropriate when the information sought can be obtained through discovery. *E.g.*, *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000). Of course, after a period of discovery, Cummins will have the right to seek summary judgment if there are no facts to support Plaintiff's assertions. At this stage, however, Cummins will not be prejudiced by answering the allegations.

## V. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that the motion to dismiss or, alternatively, for a more definite statement, R. Doc. 46, is **DENIED**.

New Orleans, Louisiana, this 27th day of October, 2025.

                                            THE HONORABLE ELDON E. FALLON