**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **ERNEST ADAMS, ET AL.** | * | **CIVIL ACTION NO. 25-1406** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **TAYLOR-SEIDENBACH, INC., ET AL.** | * | **MAGISTRATE JUDGE** |
| | | **JANIS VAN MEERVELD** |

*    *    *    *    *    *    *    *

## ORDER & REASONS

Before the Court is a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m) filed by Defendant Ford Motor Company ("Ford"). R. Doc. 151. Ford asks the Court to dismiss all claims against it because Plaintiffs failed to effect service of process until 315 days after removal, well beyond the 120-day period prescribed by Rule 4(m). R. Doc. 151 at 4.

In opposition, Plaintiffs respond that their counsel retained a third-party contractor to effect service on all thirty Defendants through the Orleans Parish Sheriff's Office, and this third-party contractor reasonably relied on the Sheriff's Office's instructions regarding the fees necessary to complete service. R. Doc. 107 at 2. According to Plaintiffs, the contractor tendered payment in the exact amount the Sheriff's Office requested. *Id.* However, service on Ford was delayed because an additional service fee remained outstanding with the Sheriff's Office. *Id.* at 1; R. Doc 151-2 at 2. Plaintiffs further represent that the Sheriff's Office ordinarily notifies counsel of any deficiencies or issues affecting service, but Plaintiffs received no such notice in this instance. *Id.* Plaintiffs' counsel promptly cured the deficiency once they became aware of the outstanding fee, and Ford was served. *Id.* at 4.

Fed. R. Civ. P. 4(m) authorizes a district court to dismiss an action without prejudice if the plaintiff fails to serve the defendant within 120 days after filing the complaint. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). However, if the plaintiff can establish good cause for failing to

serve the defendant, the court must extend the time for service. *Id.* Even when a plaintiff fails to demonstrate good cause, however, the court retains discretion to extend the time for service. *Id.* Moreover, "a district court's dismissal under Rule 4(m) is reviewed under the same heightened standard used to review to dismissals with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). "[A] dismissal with prejudice is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Id.* (internal quotation marks and citation omitted).

The Court finds good cause for the delay. Plaintiffs' counsel represents that they fully complied with the instructions and fee requirements communicated by the Orleans Parish Sheriff's Office in attempting to effect service. Plaintiffs reasonably relied on the information provided by the Sheriff's Office regarding service fees, and nothing in the record suggests a clear pattern of delay or contumacious conduct. Even assuming *arguendo* these circumstances do not constitute good cause, the Court is well within its discretion to permit extended time for service. Ford has actively participated in this litigation for more than a year and has not demonstrated that it suffered any meaningful prejudice as a result of the delay in formal service. Under these circumstances, dismissal would be an unduly harsh sanction. Accordingly, the Court declines to dismiss Plaintiffs' claims based on untimely service of process.

Considering the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss, R. Doc. 151, is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of July, 2026.

THE HONORABLE ELDON E. FALLON

2